907 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ina JOHNSON, Plaintiff-Appellant,
v.
AT & T TECHNOLOGIES, INC., Defendant-Appellee,
and
Jim McCOY, individually and as agent of AT & T Technologies,
Inc., Defendant.
 No. 89-2194.
 United States Court of Appeals, Fourth Circuit.
 Argued April 4, 1990.
Decided June 19, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CA-88-582-WS-C)
 David Ferris Tamer, Winston-Salem, N.C. (argued), for appellant; David Bruce Freedman, J. Matthew Dillon, Walter C. Holton, White & Crumpler, Winston-Salem, N.C., on brief.
 
 
 1
 Max Daniel McGinn, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C. (argued), for appellee; William P.H. Cary, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., on brief.
 
 
 2
 M.D.N.C.
 
 
 3
 AFFIRMED.
 
 
 4
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and MARVIN J. GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 
 PER CURIAM:
 
 5
 In this action, the plaintiff/appellant seeks review of the district court's grant of summary judgment to the defendant employer in the plaintiff's suit under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The plaintiff's suit against her employer, AT & T, alleged damages arising from the employer's handling of her claims that a co-worker was sexually harassing her. Before bringing suit, the plaintiff had complained of the alleged harassment both to her supervisors and to her union representative; however, she did not avail herself of the formal grievance procedures available under the collective bargaining agreement that her union had negotiated with AT & T. According to the collective bargaining agreement, employees were required to follow these grievance procedures for complaints "arising with respect to wages, hours of work and other conditions of employment."
 
 
 6
 The district court held that the plaintiff's complaints about her employer's response to her sexual harassment claims fell within the scope of the collective bargaining agreement's grievance procedures. This being so, the court ruled that the plaintiff's failure to exhaust her contractual remedies barred her from proceeding under section 301 of the LMRA. The court further held that the plaintiff had failed to allege facts sufficient to show either that the employer had repudiated the collective bargaining agreement or that the union had breached its duty of fair representation. Without such allegations, the plaintiff could not bring her situation within any exception to the exhaustion requirement. Since the plaintiff was required to exhaust her contractual remedies before proceeding under section 301 of the LMRA, and since she did not do so, the district court granted AT & T's motion for summary judgment.
 
 
 7
 Before this court, the appellant has been unable to point out any error in the district court's ruling. Indeed, her arguments consist almost entirely of a restatement of the points that she argued to the court below. Having carefully considered the points that the appellant has urged on us, and having studied the briefs, reviewed the record, and heard oral arguments, we hold that the district court's disposition of the case comported with the applicable authorities. We see nothing to be gained by adding to the thorough discussion of the relevant precedents in the district court's opinion. Accordingly, we affirm upon the reasoning contained in that opinion.
 
 
 8
 AFFIRMED.